# IN THE TEXAS COURT OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 02 2015

Abel Acosta, Clerk

63,775-18

EX PARTE THOMAS WAYNE FLORENCE

WRIT# 10CR1217-83-4

## NOTICE TO COURT AND LAW CLERKS IN SUPP-ORT OF REMAND OF CAUSE

## EXCEPTION TO A SUBSEQUENT WRIT 11.07 §4

COMES NOW, PRO SE APPLICANT TO MOVE THE COURT TO LIBERALLY CONSTRUE HIS PROSE PLEADINGS, HAINES v. KERNER, 404 US 519, 520 (1972).

THE STATE AND TRIAL COURT(S) RULING AND OR ALL-EGED FINDING OF FACTS AND CONCLUSIONS OF LAW ADOPTED IN 10CR1217-83-4 ARE VOID AND ERRONEOUS.

APPLICANT CONTENDS AND STATE THAT ART. 11.07 §4 DOES NOT APPLY TO HIS 10CR1217-83-4 SUBSEQUENT, APPLICATION. ( SEE, H-14-CV-3317 2254 ON 10CR1217-833)

THIS COURT HAS HELD THAT PURSUANT TO "VOID JUDGE-MENT EXCEPTION AND THE HABEAS CORPUS EXCEPTION SEE, NIX v. STATE 65 SW3d 664, 668 (TX. CR. APP. 2001) THAT THERE ARE RARE EXCEPTIONS (SITUATIONS) IN WHICH A TR-IAL COURT'S JUDGEMENT IS ACCORDED NO RESPECT WHAT SOEVER DUE TO THE COMPLETE POWER TO ACT OR REN-DER JUDGEMENT ( TRIAL COURT DOES NOT HAVE THE POWER TO ACT ON 10CR1217-83-4 DUE TO PENDING RECUSAL MOTION) IN QUESTION. A VOID JUDGEMENT IS A NULLITY AND CAN BE ATTACKED AT ANY TIME, SEE JACKSON v. STATE, 14-13-00277 CR (TEX. APP. HOUSTON 14TH DIST. 2014), CITING, LEVY v. STATE, 818 SW2d 801 (TX. CR. APP. 1991), LAPORTE v. STATE, 840 SW2d 412, 415 (TX. CR. APP. 1992), DURAN v. STATE, 956 SW2d 547, 550-551 (TEX. CRIM. APP. 1997), A JUDGEMENT FOR CONVICTION (CRIME) IS VOID WHEN THE CHARG-

1

ING INSTRUMENT (GJ90 COMPLAINT # 2010-13986) DOES NOT COMPLY WITH (STATUTORY) CONSTITUTIONAL REQUISITES OF A CHARGING INSTRUMENT, NIX. 668, SUPRA.

SEE, EXPARTE PATTERSON, 969 SW2d 16, 19 (TEX. CR. APP. 1998) THE PROCEDURAL DEFAULT OR RULES DOES NOT APPLY TO VOID JUDGEMENT(S) THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION, BROWNING v. PLACKE, 698 SW2d 362, 363 (TEX. 1985), NIX. 668.

THE TRIAL AND APPELLATE COURT ONLY AND STILL HAVE A DUTY TO DISMISS LOCK1217 AND ORDER THE APPLICANT RELEASED, WHO's RESTRAINED IN HIS LIBERTY, SEE, STATE v. ZORRILLA, 401 SW3d 734, 737, FN. 2 (TEX. APP. SAN ANTONIO 2013) CITING VILLARIAL, AND OTHER CASES, AND 45.018; 45.019; 15.05.

SEE, ALSO EXPARTE TRUONG, 770 SW2d 810 (TX. CR. APP. (1990), SEE, ALSO ASHCROFT v. IQBAL, 129 S. CT. 1937, S. CT. 2009), ON SUBJECT MATTER JURISDICTION.

SEE, KOZIACK v. KNIZE, 883 SW2d (TX. APP. WACO 1994) MANDAMUS IS AVAILABLE TO CORRECT JUDICIAL ACTION THAT IGNORES CLEAR BINDING PRECEDENT, (AS IN THE HANDLING OF LOCK1217 83-3-4) BECAUSE TRIAL JUDGES DO NOT ENJOY FREEDOM TO IGNORE THE LAW (AS IN THIS CAUSE).

SEE, IN RE WONG FDFTB, 171 SW3d 374 WL98350 (TEX. APP. TYLER 2005), MANDAMUS MAY BE USED TO CORRECT JUDICIAL (LOCK1217-83-3-4) ACTION THAT'S CONTRARY (ZORRILLA, 737 FN2) TO WELL SETTLED LAW WHETHER THE LAW IS DERIVED FROM STATUTE, RULE, OR CLEAR BINDING PRECEDENT FROM A COURT OF SUPERIOR JURISDICTION. 315. MANDAMUS, WILL BE USED TO CORRECT JUDICIAL ACTION THAT'S CONTRARY TO WELL SETTLED LAW (LOCK1217) [signature] 12-25-2014